IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED

2025 APR -3 P 3: 55

| | |
|---|---|
| KYLE NORTON RIESTER, §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>PAMELA BONDI, in her official capacity as §<br>Attorney General of the United States, §<br>§<br>KASHYAP "KASH" PATEL, in his official §<br>capacity as Director of the Federal Bureau of §<br>Investigation, §<br>§<br>GREGORY D. FORD, in his official capacity as §<br>Director of Army Criminal Investigation Division, §<br>§<br>DOUG TULINO, in his official capacity as §<br>Postmaster General of the U.S. Postal Service, §<br>§<br>SEAN M. CURRAN, in his official capacity §<br>as Director of the U.S. Secret Service, §<br>§<br>KRISTI NOEM, in his official capacity as §<br>Secretary of Homeland Security, §<br>§<br>DAN P. DRISCOLL, in his official capacity §<br>as Secretary of the Army, §<br>§<br>PETE HEGSETH, in his official capacity as §<br>Secretary of Defense, §<br>§<br>ERIK S. SIEBERT, in his official capacity as §<br>U.S. Attorney for the Eastern District of Virginia, §<br>§<br>NICHOLAS J. GANJI, in his official capacity §<br>as U.S. Attorney for the Southern District of Texas, §<br>§<br>EDWARD A. FERRITER, in his individual §<br>capacity, §<br>§<br>DANIEL SHEARER, in his individual capacity, § | Civil Action No. 1:25-cv-575<br><br>JURY DEMAND |

| | |
|---|---|
| DANIEL R. SMITH, in his individual capacity, | § § § |
| ANDREW J. NORDELY, in his individual capacity, | § § |
| ANSUMAN BARAL, in his individual capacity, | § § § |
| HEATHER D. CALL, in her individual and official capacities, | § § § |
| ALEXANDER ALUM, in his individual and official capacities, | § § § |
| MICHELLE SULIEMAN, in her individual and official capacities, | § § § |
| SEAN P. ROWLAN, in his individual and official capacities, | § § § |
| ERIKA A. HOLOWNIA, in her individual and official capacities, | § § § |
| and | § § |
| JOHN DOES 1–10, in their individual and official capacities, | § § § |
| *Defendants*. | § § § |

## PLAINTIFF'S ORIGINAL COMPLAINT AND REQUEST FOR DECLARATORY RELIEF, TEMPORARY AND PERMANENT INJUNCTION, AND MONETARY DAMAGES

### I. PARTIES

1. Plaintiff KYLE NORTON RIESTER is an individual domiciled in Springfield, Virginia, residing within the jurisdiction of the Eastern District of Virginia. He brings this action to vindicate his rights under the federal Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb, *et seq.*

2. Defendant PAMELA BONDI is the Attorney General of the United States and head of the Department of Justice, which oversees the Federal Bureau of Investigation, including its officers and agents, and the Office of the United States Attorney, including its attorneys and pre-trial service officers across the country. She oversees federal prosecutions and ensuring compliance with federal law and pre-trial conditions of release. Defendant Bondi is sued in her official capacity.

3. Defendant KASHYAP "KASH" PATEL is the Director of the Federal Bureau of Investigation. The FBI oversees its agents in the performance of their duties as such and enforces federal law under the direction and control of the Department of Justice and Attorney General. Mr. Patel is sued in his official capacity.

4. Defendant, PETE HEGSETH is the Secretary of the Department of Defense. The Department of Defense oversees the United States Army and its subsidiaries, including the Criminal Investigation Division. Mr. Hegseth is sued in his official capacity.

5. Defendant DANIEL DRISCOLL is the Secretary of the Army and oversees its subsidiaries, including the Criminal Investigation Division and its agents. Mr. Driscoll is sued in his official capacity.

6. Defendant KRISTI NOEM is the Secretary of the Department of Homeland Security, which oversees the United States Secret Service and its agents. She is sued in her official capacity.

7. Defendant DOUG TULINO, is the Postmaster General of the Unites States Postal Service and is responsible for managing and directing day-to-day operations of the agency, including oversight of postal inspectors and other law enforcement officials employed by the USPS. Mr. Tulino is sued in his official capacity.

8. Defendant GREGORY D. FORD is Director of the U.S. Army Criminal Investigations Division, the primary federal law enforcement agency of the United States Department of the Army. Army CID's function if to investigate felony crimes and serious violations of military law in the United States. As director of Army CID, Mr. Ford is responsible for managing and commanding CID's special agents (both military and civilian) and reports to the Secretary of the Army. Mr. Ford is sued in his official capacity.

9. Defendant SEAN M. CURRAN is Director of the United States Secret Service and is responsible for the successful execution of the agency's integrated investigative and protective missions in day-to-day operations. In this capacity, Mr. Curran oversees more than 8,200 Special Agents, Uniformed Division Officers, Technical Law Enforcement Officers, and Mission Support personnel and reports to the Secretary of Homeland Security. Mr. Curran is sued in his official capacity.

10. Defendant ERIK S. SIEBERT is the United States Attorney for the Eastern District of Virginia and is the chief federal law enforcement officer within the District. In this capacity, Mr. Siebert is responsible for overseeing and supervising all Assistant U.S. Attorneys and support personnel, including pre-trial services officers, working within the District. Mr. Siebert is sued in his official capacity.

11. Defendant NICHOLAS J. GANJI is the United States Attorney for the Southern District of Texas and is the chief federal law enforcement officer within the District. In this capacity, Mr. Siebert is responsible for overseeing and supervising all Assistant U.S. Attorneys and support personnel working within the District. Mr. Ganji is sued in his official capacity.

12. Defendant HEATHER D. CALL is an Assistant United States Attorney for the Eastern District of Virginia and serves on the District's drug task force. She conducts drug-related investigations and prosecutions. Ms. Call is sued in both her individual and official capacities.

13. Defendant ALEXANDER ALUM is an Assistant United States Attorney for the Southern District of Texas. In that capacity, he is responsible for prosecuting violations of federal law and overseeing pre-trial services officers in ensuring compliance with bond requirements. Mr. Alum is sued in both his individual and official capacities.

14. Defendant MICHELLE SULIEMAN is a pre-trial services officer in the Eastern District of Virginia. In that capacity, she works in tandem with the U.S. Attorney's office to ensure criminal defendants comply with their bond requirements. Ms. Sulieman is sued in both her individual and official capacities.

15. Defendant Captain SEAN P. ROWLAN is a Judge Advocate in the United States Army. In that capacity, Captain Rowlan is responsible for coordinating with outside federal agencies investigating violations of federal law by members of the armed services. Captain Rowlan is being sued in both his individual and official capacities.

16. Defendant Lieutenant Colonel ERIKA A. HOLOWNIA is an officer in the United States Army and Battalion Commander of the 12th Aviation Battalion. In that capacity, Lieutenant Colonel Holownia is responsible for overseeing and directing all active-duty service members under her command, including enforcement of a service member's employment contract with the Government. Lieutenant Colonel Holownia is being sued in both her individual and official capacities.

17. Defendant EDWARD A. FERRITER is a Special Agent with the Federal Bureau of Investigation and is sued in both his individual and official capacities.

18. Defendant DANIEL SHEARER is a Special Agent with the United States Secret Service and is sued in both his individual and official capacities.

19. Defendant DANIEL R. SMITH is a Special Agent with the United States Army Criminal Investigation Division (CID) and is sued in both his individual and official capacities.

20. Defendant ANDREW J. NORDELY is a Special Agent with the United States Army CID and is sued in both his individual and official capacities.

21. Defendant ANSUMAN BARAL is a Special Agent with the United States Army CID and is sued in both his individual and official capacities.

22. Defendants JOHN DOES 1–10 are unknown federal agents and officers affiliated with the Federal Bureau of Investigation (FBI), U.S. Postal Service (USPS), U.S. Secret Service (USSS), Army Criminal Investigation Division (CID), and Army Judge Advocate General and/or, whose true names are currently unknown. They are sued in both their individual and official capacities.

## II. JURISDICTION AND VENUE

22. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(3)-(4), because this action arises under the laws of the Constitution, laws, and treaties of the United States and seeks to redress the deprivation of rights, privileges, and immunities secured to Plaintiff by the First and Fifth Amendments to the Constitution and the Federal Statutes of the United States.

23. This Court also has authority pursuant to the Federal Religious Freedom and Restoration Act, 42 U.S.C. § 2000bb-1(e) as Plaintiff's sincere religious exercise of sacramentally consuming Lysergic acid diethylamide (LSD), a Schedule I entheogen known by medical science

to effectuate primary religious/mystical experiences at a high frequency since at least the 1950's, has been and continues to be substantially burdened by the actions of defendants, both collectively and individually, and as such, this Court has jurisdiction over the proceedings and plaintiff may obtain appropriate relief against the Government. No exhaustion of administrative remedies is required in this case.

24. This Court has authority pursuant to 28 U.S.C. §§ 2201-2202, to grant declaratory relief and to issue preliminary and permanent injunctions.

25. This Court further has authority under 5 U.S.C. § 702 to compel agency action unlawfully withheld or unreasonably delayed, and to set aside an agency's acts or failures to act that are: contrary to constitutional right, privilege or immunity; in access of statutory jurisdiction, authority or limitations; or conducted without the procedure required by law.

26. Venue is proper in this District under 28 U.S.C. § 1391(e)(1) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district, and because one or more defendants reside or perform official duties in this District.

27. Plaintiff resides in Springfield, Virginia, which is within the Alexandria Division of the Eastern District of Virginia, and the unlawful actions described herein occurred within this jurisdiction.

### III.   INTRODUCTION

28. Plaintiff is a sincere religious practitioner whose free exercise rights have been substantially burdened by the Defendants, which is actionable under the Religious Freedom and Restoration Act of 1993, 42 U.S.C. §§ 2000bb, *et seq.*

29. The central part of plaintiff's religious practice involves the sacramental consumption of lysergic acid diethylamide (LSD), a schedule I substance.

30. Beginning in late 2024, Defendants acting both individually and collectively applied immense pressure on plaintiff to violate his sincerely held belief in LSD as a religious sacrament, necessary for his continued spiritual growth and development, in order to avoid persecution by multiple federal agencies and their respective agents.

31. The Government has no compelling interest in enforcing the Controlled Substances Act against plaintiff, as LSD has been long-noted to have both a health and safety and abuse profile of a sufficient quality to negate any alleged "compelling" governmental interest in enforcing the criminal provisions of the Controlled Substances Act against plaintiff for engaging in his otherwise protected religious free exercise rights as secured under the federal Religious Freedom Restoration Act (RFRA).

32. Considering the foregoing, plaintiff respectfully request that the Court find and declare that plaintiff's religious exercise be exempt from both criminal sanction under the Controlled Substances Act and from any governmental intrusion which would operate as a substantial burden on plaintiff's "exercise of religion."

## IV.   FACTUAL BACKGROUND

33. Plaintiff, Kyle Norton Riester is a commissioned officer in the United States Army currently serving on active duty with the 12th Aviation Battalion at Fort Belvoir, Virginia. He is a graduate of the Kelley School of Business at Indiana University and a recipient of an Army ROTC scholarship.

34. Plaintiff graduated high school in Vermont in June 2016, enrolled at New York University in fall 2016, and transferred to Indiana University in fall 2017.

35. In spring 2017, plaintiff was accepted into the Kelley School of Business and awarded an Army ROTC scholarship; he graduated in May 2020 and was commissioned as a Second Lieutenant in the U.S. Army.

36. From May 2020 to March 2021, plaintiff drilled with the Vermont National Guard, but thereafter transferred to the Virginia National Guard.

37. From May 2021 to August 2022, plaintiff attended Army Flight School at Fort Rucker, Alabama (later renamed Fort Novosel) and in November 2021, was promoted to First Lieutenant.

38. In June 2024, he began serving active duty at Fort Belvoir, where he remains on active duty in the U.S. Army, subject to the terms of his employment contract with the military.

39. Plaintiff was raised in Vermont in a secular, agnostic, or atheist household; his father being a survivor of clergy abuse in the Catholic Church and the catalyst for plaintiff's early religious skepticism.

40. In spring 2017, while attending the Kelley School of Business at Indiana University, Mr. Riester had his first sacramental experience with lysergic acid diethylamide (LSD), a schedule I substance.

41. Plaintiff believes his first experience with LSD was deeply religious and mystical in nature-allowing him direct communion with his creator.

42. Plaintiff believes that the religious and mystical states engendered by his sacramental consumption of LSD allows him to consult Divine forces and entities which guide and instruct him on how to live in accordance with his higher spiritual self and higher spiritual path.

43. Although plaintiff's LSD experiences are transient in nature (lasting 8-12 hours), plaintiff believes they provide him with a comprehensive moral and conceptual framework by which he is able to live in harmony with his creator ("Source") and all other living beings upon the Earth.

44. Plaintiff believes LSD not only to be Sacred because of its effects, but also because he believes that ancient peoples all over the world, but particularly in Ancient Greece (Eleusinian Mysteries), consumed various plant and fungal based entheogens (psychedelics) for the purpose of both healing and divination.

45. Plaintiff believes his beliefs regarding the sanctity and history of LSD and other entheogen (psychedelic) use in ancient times, are supported by all relevant academic literature touching upon those subjects.

46. Plaintiff believes that in times of desperate need, such as the COVID-19 pandemic, he has a moral and religious obligation to provide his co-religionists with Sacrament should they be unable to acquire Sacrament-grade LSD safely and securely.

47. In addition to his religious beliefs surrounding the sacramental consumption of LSD, plaintiff holds hybrid secular/religious beliefs relating to Bitcoin and the autonomy it gives visionary religious practitioners, such as himself, to transact business for the purposes of supplying an otherwise scheduled Sacrament (LSD), to co-religionists within the United States.

48. Plaintiff also believes Bitcoin to be Sacred for its ability to facilitate transactions for the exchange of his Holy Sacrament to other co-religionists, particularly those in need of a safe and reliable source for their Sacrament.

49. Plaintiff has primarily engaged in LSD use as part of a communal and intentional ritual, ceremony, and/or practice aimed at spiritual transformation and religious revelation- preferring communal settings which promote safety, reflection, and shared religious experience.

50. During the COVID-19 pandemic, in-person religious gatherings became difficult, to cope with the stress and isolation of the pandemic, plaintiff his religious community adapted by primarily turning to online forums and markets to facilitate their spiritual practices.

51. Due to having to cease face-to-face ceremonies and fellowship, Plaintiff felt compelled, in accordance with the Divine guidance and instruction he had received while communing with LSD, to assist others in sacramental access to their shared Sacrament during this time.

52. Between May 2021 and June 2022, plaintiff published a series of articles on his Substack page, expressing his spiritual, religious, and social views about LSD and Bitcoin.

53. From September 2022 to May 2024, he dispensed sacramental LSD to co-religionists via the dark web.

54. On or around May 10, 2024, due to the easing of COVID-19 restrictions and expanded access to Sacrament-grade LSD amongst his co-religionists around the world, plaintiff voluntarily and indefinitely ceased all online sacramental distribution of his Sacrament to co-religionists. On that same day, plaintiff's dark web account was deactivated and inactive from that date forward.

55. On August 5, 2024, federal agents, led by FBI Special Agent Edward E. Ferriter — but including additional FBI, Army CID, USPS, and other federal agents — raided plaintiff's apartment searching for evidence of LSD trafficking and related contraband.

56. The search of plaintiff's residence failed to produce any LSD, but agents did seize electronics, plaintiff's passport, and compelled him to submit to a urinalysis at CID headquarters on base.

57. At the time of the raid, FBI Special Agent Ferriter — who admitted to being a long-time personal friend and West Point classmate of Lt. Col. Holownia — told plaintiff that if he "lawyered up," they would "throw the book at him," and he would not receive any favorable recommendation to the U.S. Attorney's office.

58. After the raid, Special Agent Ferriter told plaintiff that he and Lt. Col. Holownia had been in contact about the FBI investigation for at least a month prior to the raid on plaintiff's residence.

59. Agent Ferriter admitted to having read plaintiff's Substack articles and related podcasts he published online, acknowledging that his LSD use was clearly framed in spiritual and religious terms. According to Special Agent Ferriter, LSD and other psychedelics, despite their scheduled status, is no longer a priority for the FBI and further intimating that the government targeted him because of his military status.

60. Agent Ferriter confirmed to plaintiff that the FBI noticed his online activity on the dark web markets had ceased in May and the related dark web account had been inactive.

61. Because he was not formally arrested at the scene the day of the raid, plaintiff was ordered to report to duty the same day, where he was interrogated by Army CID agents and addressed by his battalion commander, Lieutenant Colonel Erika A. Holownia.

62. During their discussion, Lt. Col. Holownia admitted to having coordinated with FBI Agent Edward Ferriter in advance of the raid, beginning as early as June 2024.

63. At the conclusion of the above-mentioned meeting between plaintiff and his Army superior, she ordered him to cooperate with federal authorities in their investigation of his LSD-related religious activities.

64. Subsequent to the August 5, 2024 raid of his residence, plaintiff and his wife, who is also a Black Hawk helicopter pilot in the same Battalion-but had no knowledge of and/or association with plaintiff's LSD-related religious activities, were formally reprimanded for suspected hallucinogen use and flagged in the Army system.

65. Many months after the raid on his residence, plaintiff met with AUSA for the Eastern District of Virginia, Heather Call, FBI Special Agent Ferriter, and his Texas attorney, Gus Saper, via Zoom. At that meeting, Ms. Call falsely claimed plaintiff had publicly admitted flying helicopters while under the influence of LSD (through a series of podcasts that plaintiff published anonymously) — a statement plaintiff never made and an act he has never committed.

66. The government's continued refusal to recognize the religious framing of Mr. Riester's speech and sacramental conduct led him to question whether his faith was worthy of protection under law.

67. Believing the government correct that his LSD-based practices were not recognizable under the First Amendment, he temporarily withdrew from religious practice until learning that his beliefs were likely religious, as that term is defined by the First Amendment case law on the subject.

68. Subsequent to the raid, Army CID Agents Daniel R. Smith, Andrew J. Nordely, and Ansuman Baral all participated in the investigation, including evidence seizure, urinalysis, and recommending disciplinary consequences for plaintiff's suspected activities.

69. Plaintiff was unable, after the August 5, 2024 raid, to maintain his commitment to his religion and to the military, as his military service contract did not allow him to consume any controlled substances while on active duty.

70. On September 10, 2024, Secret Service Agent Daniel Shearer met with plaintiff and FBI Special Agent Ferriter about an unknown and sealed indictment obtained, at the behest of the Secret Service and U.S. Attorney's office in the Southern District of Texas, against plaintiff in that District.

71. The Texas indictment is based upon allegations related to fraudulent Bitcoin transfers in which plaintiff had unwittingly taken part. Upon realizing his obvious lack of criminal intent in facilitating the alleged transfers, Special Agent Shearer sought additional cooperation from plaintiff in an ongoing Secret Service investigation.

72. During his meeting with the two agents, Mr. Riester was constructively apprehended and arraigned at the Army Base in Viriginia, where he was placed on a personal recognizance bond out of the Southern District of Texas.

73. While on bond from the Southern District, Plaintiff is currently subject to pre-trial release conditions imposed by Assistant U.S. Attorney Alexander Alum of the Southern District of Texas.

74. AUSA Alum tasked pre-trial services officer Michelle Sulieman of the Eastern District of Virginia with ensuring plaintiff's compliance with these pre-trial release conditions.

75. The pre-trial release conditions governing plaintiff's release prohibit him from using any controlled substances, including LSD, which substantially burdens plaintiff's sincere religious exercise.

76. Plaintiff is currently engaged in plea negotiations with the U.S. Attorney's Office concerning a potential indictment for conspiracy to distribute LSD. He has been given until the first week of April 4, 2025 to accept the plea or face indictment.

77. If plaintiff is forced to accept the government's current plea agreement — which would require him to cease all his spiritual and religious activities indefinitely — he will suffer irreparable harm to his conscience and religious identity.

78. If plaintiff is indicted for the charge of conspiracy to distribute LSD, the Government is under no obligation to retain information related to plaintiff's assistance with ongoing investigations under seal. As such, should the Government make that information public, doing so would place both the plaintiff and his wife in grave danger and potentially implicate certain national security interests.

79. On January 29, 2025, Lt. Col. Kolownia initiated elimination proceedings against plaintiff, seeking to dishonorably discharge him from his position in the U.S. Army.

## IV. CAUSE OF ACTION

### A. Claim One – Violation of the Religious Freedom Restoration Act (RFRA), 42 U.S.C. §§ 2000bb, *et seq*.

80. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

81. The Religious Freedom Restoration Act provides that the Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability unless the Government demonstrates that application of the burden to the person: (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest. *See* 42 U.S.C. § 2000bb-1.

82. Plaintiff sincerely believes the sacramental use of LSD is an essential element of his entheogenic religious faith and preferred method for communion with his creator. These beliefs are rooted in plaintiff's personal mystical communion and spiritual transformation. His practices are conducted in safe, intentional, and communal contexts consistent with longstanding ceremonial use of entheogens throughout human history.

83. Defendants, acting under color of federal law, have substantially burdened Plaintiff's religious exercise through multiple coercive means, including: (a) executing a military-directed raid on his home; (b) issuing a formal military reprimand and flagging his military personnel record; (c) ordering cooperation with federal law enforcement; (d) conditioning pretrial release on the prohibition of sacramental use of LSD; and (e) threatening indictment unless Plaintiff agrees to abandon his religious practices and cooperate with the Government.

84. These actions have caused plaintiff to cease his religious practice, withdraw from spiritual expression, and face a possible dishonorable discharge from the Army and criminal conviction — each of which causes ongoing irreparable harm to plaintiff's religious exercise, conscience, and reputation.

85. The burdens imposed by Defendants are not justified by any compelling governmental interest applied through the least restrictive means. In support of this assertion, plaintiff has attached a preliminary expert report from Dr. Peter Hendricks, an esteemed mental health professional and psychedelic-based researcher and academic. According to Dr. Hendricks, plaintiff's religious practices involving LSD do not implicate any interest of the state in any appreciable manner, much less "compelling."

86. Plaintiff is therefore entitled to appropriate relief against each Defendant under 42 U.S.C. § 2000bb-1(c), including declaratory and injunctive relief, against Defendants named solely

in their official capacities, and monetary damages against the Defendants sued in their individual capacities, as authorized by *Tanzin v. Tanvir*, 141 S. Ct. 486 (2020).

## VI.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, plaintiff seeks declaratory, injunctive, monetary relief and damages as follows:

87.   A Declaratory Judgment that Defendants' actions described in this Complaint, including the raid upon plaintiff's home, overt coercion and order to defy his religious beliefs and practices in order to assist the government, enforcement of plaintiff's employment contract with the military, and pre-trial release conditions preventing him from consuming controlled substances, such as his religious Sacrament, LSD, violates the federal Religious Freedom and Restoration Act of 1993, 42 U.S.C. §§ 2000 bb, *et seq*.

88.   A preliminary and permanent injunction requiring defendants to permit plaintiff's acquisition, possession, and dispensing of LSD to co-religionists in ceremonial and tightly circumscribed contexts, and enjoining defendants from arresting, prosecuting, or threatening plaintiff and/or his wife with arrest, prosecution, and/or imprisonment for acquiring, possessing, and/or dispensing of his Sacrament, LSD, in his religious observances.

89.   An Order awarding attorneys' fees, costs, and expenses pursuant to the Equal Access to Justice Act, 5 U.S.C. § 504, the Civil Rights Attorneys Fees Awards Act of 1976, 42 U.S.C. § 1988, and the federal Religious Freedom and Restoration Act of 1993, 42 U.S.C. § 2000 bb-1(c).

Dated: April 3, 2025

Respectfully submitted,

THE LEISER LAW FIRM

By: _/s/ Gerald L. Gilliard_
Gerald L. Gilliard, Esq. (VSB No. 70094)
THE LEISER LAW FIRM
1750 Tysons Boulevard, Suite 1500
Tysons, Virginia 22102
Telephone: (703) 734-5000
Facsimile: (703) 734-6000
glgilliard@leiserlaw.com

George G. Lake (pro hac vice pending)
Attorney at Law
3831 S. Delard Way
Homosassa, FL 34448
Phone: (225) 368-7108
george.lake.la@gmail.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | | |
|---|---|---|
| KYLE NORTON RIESTER, | § § | |
| Plaintiff, | § § | CASE NO. _____ |
| v. | § § | |
| PAMELA BONDI, ATTORNEY GENERAL OF THE UNITED STATES; KASHYAP "KASH" PATEL, DIRECTOR, FBI; GREGORY D. FORD, DIRECTOR UNITED STATES ARMY CID; DOUG TULINO, POSTMASTER GENERAL, USPS; SEAN M. CURRAN, DIRECTOR, U.S. SECRET SERVICE; KRISTI NOEM, SECRETARY, DEPARTMENT OF HOMELAND SECURITY; DAN P. DRISCOLL, SECRETARY OF THE ARMY; ERIK S. SIEBERT, U.S. ATTORNEY EASTERN DISTRICT OF VIRGINIA; NICHOLAS J. GANJI, U.S. ATTORNEY SOUTHERN DISTRICT OF TEXAS; HEATHER D. CALL, ASSISTANT U.S. ATTORNEY EASTERN DISTRICT OF VIRGINIA; ALEXANDER ALUM, ASSISTANT US ATTORNEY SOUTHERN DISTRICT OF TEXAS; MICHELLE SULIEMAN, PRE-TRIAL SERVICES OFFICER EASTERN DISTRICT OF VIRGINIA; SEAN P. ROWLAN, JUDGE ADVOCATE GENERAL, U.S. ARMY; LIEUTENANT COLONEL ERIKA A. HOLOWNIA, U.S. ARMY; EDWARD A. FERRITER, SPECIAL AGENT, FBI; DANIEL SHEARER, SPECIAL AGENT, U.S. SECRET SERVICE; DANIEL R. SMITH, SPECIAL AGENT, UNITED STATES ARMY CID; ANDREW J. NORDELY, SPECIAL AGENT, UNITED STATES ARMY CID; ANSUMAN BARAL, SPECIAL AGENT, UNITED STATES ARMY CID; JOHN DOES 1-10, FEDERAL AGENTS AND OFFICERS OF THE FBI, USPS, SECRET SERVICE, AND ARMY CID | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | JURY DEMAND |
| *Defendants.* | | |

## VERIFICATION

STATE OF VIRGINIA                                  §
_____ COUNTY                                   §

Before me, the undersigned notary, on this day personally appeared Kyle Riester, the affiant, a person whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Kyle Riester. I have read Plaintiff's Original Complaint and Request for Declaratory Relief, Temporary and Permanent Injunction, and Monetary Damages, as well as, plaintiff's Motion for Temporary Restraining Order and accompanying memorandum. The facts stated within those document are within my personal knowledge and are true and correct."

_____
Kyle Riester

SWORN and SUBSCRIBED before me by Kyle Riester on April ___, 2025.

DANIEL PATRICK KANE
Registration # 103895
My Commission Expires
April 30, 2029

Notary Public in and for
the State of Virginia