IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

|  |  |
|---|---|
| KYLE NORTON RIESTER, <br> *Plaintiff*, <br><br> v. <br><br> PAMELA BONDI, in her official capacity as Attorney General of the United States, *et al.*, <br> *Defendants*. | Civil Action No. 1:25-cv-00575-AJT-WBP |

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S RENEWED MOTION TO FILE MATERIALS UNDER SEAL**

Pursuant to Local Civil Rule 5(C) and Federal Rule of Civil Procedure 5.2(d), Plaintiff respectfully submits this non-confidential memorandum in support of his renewed motion to seal and requests that this Court issue an order sealing the entire case file. Plaintiff initially requested the sealing of only limited documents – specifically the complaint and select supporting filings that could lead to an inference that he is a cooperating witness in an ongoing federal narcotics investigation. However, recent developments discussed in greater detail in the confidential supporting memorandum, justify the extraordinary remedy of sealing the entire case.

In the alternative, Plaintiff respectfully requests that the Court seal documents including those identified in the initial motion to seal.

I. **LEGAL BASIS FOR SEALING**

The Court may permit filing under seal upon a showing that (1) a compelling interest exists in confidentiality; (2) that interest outweighs the public's right to access; and (3) no less restrictive alternatives suffice. See *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567 (4th Cir. 2004); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000); *Stone v. Univ. of Md.*, 855 F.2d 178

1

(4th Cir. 1988).Additionally, Plaintiff cites the protections under the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb-2000bb4.

## II. BACKGROUND AND NEW CIRCUMSTANCES SINCE INITIAL MOTION TO SEAL

1. On April 16, 2025, The Honorable Anthony Trenga denied Plaintiff's initial motion for a preliminary injunction and referenced Plaintiff's refusal to accept a DOJ plea offer.

2. Plaintiff has been accused of criminal conduct even though those allegations have neither been adjudicated nor included as part of any publicly filed criminal complaint.

## III. ARGUMENT

Since the filing of Plaintiff's original motion, Plaintiff has been publicly named and mischaracterized. In the confidential supporting memorandum, Plaintiff has sufficiently articulated the risks of retaliation, reputational harm, and professional discipline that directly impact Plaintiff's compelling interests in, *inter alia*, his livelihood, and his ability to exercise his religious rights. Sensitive government interests are also implicated.

Pursuant to Local Civil Rule 5(B) and the Court's inherent authority under federal common law, courts in this Circuit may seal documents upon a showing of (1) a compelling interest; (2) narrowly tailored sealing; and (3) the absence of less drastic alternatives.

Plaintiff has a compelling interest in sealing as described in the accompanying sealed, confidential supporting memorandum. The requested sealing is narrowly tailored as permissible, per the circumstances described in the sealed and confidential supporting memorandum; less drastic alternatives are non-existent. Redactions would not be a reasonable alternative to sealing in this case. The Complaint, motions and supporting memoranda for temporary restraining order and preliminary injunction are all built around Plaintiff's identity, his specific association with

the government, and extremely unique conduct. Severing the content from the actor is practically not possible.

Based on the foregoing, Plaintiff meets all three criteria for sealing under Local Civil Rule 5. Plaintiff respectfully submits that sealing is appropriate until the conclusion of the government's investigation or until further order of the Court.

## IV.     **DURATION AND HANDLING UPON UNSEALING**

Plaintiff requests that the materials remain under seal through the conclusion of this litigation and any associated proceedings. Plaintiff respectfully requests the opportunity to propose redactions should the Court determine that any sealed material should later be unsealed.

## V.     **CONCLUSION**

**WHEREFORE**, Plaintiff requests that the Court permit filing under seal the entire record, or alternatively, filing under seal solely the Complaint, temporary restraining order and preliminary injunction motions and attendant supporting memoranda and proposed orders, filing under seal all documents referring to Plaintiff's religious practices or to his cooperation with an ongoing federal criminal narcotics investigation, and redacting the names of Plaintiff and his spouse from all documents previously, currently, and subsequently filed in this action.

Dated: May 1, 2025                                     Respectfully submitted,

   /s/ George Gregory Lake, Esq.
George "Greg" Lake, Esq., *pro hac vice*
Office Address:
The Law Office of George G. Lake, Esq.
411 E. Merritt
Marshall, Texas 75670
Mailing Address:
2220 Pinellas Point Dr. S.
St. Petersburg, Florida 33712
Email: george.lake.la@gmail.com
Phone: (225) 368-7108


   /s/ Gerald L. Gilliard, Esq.
Gerald L. Gilliard, Esq.
THE LEISER LAW FIRM
VSB No. 70094
1750 Tysons Boulevard, Suite 1500
Tysons, Virginia 22102
Telephone: (703) 734-5000
Fax: (703) 734-6000
Email: glgilliard@leiserlaw.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I certify that on the 1st day of May 2025, a true and correct copy of the Memorandum in Support of Renewed Motion to Seal was filed with the Court and served upon the following counsel via CM/ECF:

Dennis Barghaan, Chief, Civil Division
Kirstin O'Connor, Assistant U.S. Attorney
U.S. Attorney's Office for the Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314

                                                                               /s/ Gerald L. Gilliard